IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WILLIAM K.**[1], Plaintiff, v. **NANCY A. BERRYHILL,** Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, Defendant. | Case No. 3:18-cv-00200-SI **OPINION AND ORDER** |

Merrill Schneider, SCHNEIDER KERR & ROBICHAUX, P.O. Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Joseph J. Langkamer, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

William Edward K. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. For the following reasons, the Commissioner's decision is AFFIRMED

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff protectively filed an application for SSI on February, 24, 2014, alleging disability beginning on November 30, 2002, but Plaintiff later amended his alleged onset date to January 1, 2013. AR 21, 41. Plaintiff was born on May 14, 1961, and he was 52 years old as of the alleged disability onset date for SSI. AR 31, 194. He alleges disability due to chronic obstructive pulmonary disease ("COPD"), arthritis in his hips, spine surgery of the neck, tendon surgery of the right shoulder, and hernia surgery. AR 23, 41. The Commissioner denied his application initially and upon reconsideration. AR 100, 109. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* The ALJ found Plaintiff not disabled prior to January 11, 2016, but found that Plaintiff became disabled on that date and continued to be disabled through the date of the decision. AR 31-32 The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 12. Plaintiff seeks judicial review of that decision.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

At the first step of the sequential analysis, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 23. At the second step of the sequential analysis, the ALJ determined that the Plaintiff had the following severe impairments: degenerative disc disease- status post fusion, osteoarthritis of the hips, and COPD. AR 23. The ALJ concluded that Plaintiff's hypertension, history of hernia, status-post right shoulder surgery, gastro-esophageal reflux disease, and hypothyroidism were non-severe impairments. AR 23. At step three, the ALJ found that prior to January 11, 2016, the date the Plaintiff became disabled, the Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404. AR 24.

Between steps three and four, the ALJ determined that prior to January 11, 2016, the Plaintiff had the residual functional capacity to perform light work, as defined in 20 C.F.R. Part 416.1520(d), except he could:

> occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, crouch, and crawl; frequently kneel; avoid concentrated exposure to atmospheric conditions; and never work in unprotected heights, with moving mechanical parts, or operate a motor vehicle.

AR 25. At step four, the ALJ found that the Plaintiff was unable to perform any past relevant work. AR 29. At step five, the ALJ found that prior to January 11, 2016, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including mail sorter, office helper, and rental clerk. AR 29-30. The ALJ then returned to step three and determined that Plaintiff became disabled on January 11, 2016. The ALJ determined that, as of January 11, 2016, the severity of Plaintiff's medical conditions met the listing criteria of Listing 3.02A of 20 C.F.R. Part 404, Subpart P. AR 30-31

## DISCUSSION

Plaintiff argues that the ALJ's decision finding Plaintiff not disabled before January 11, 2016 was not supported by substantial evidence. Specifically, Plaintiff assigns error to the ALJ's decision to give little weight to the findings of consultative examiner Dr. Tatsuro Ogisu.[2]

Dr. Ogisu performed a consultative examination of Plaintiff on August 12, 2014. AR 469-73. Dr. Ogisu did not have access to Plaintiff's entire medical file, and though he noted that MRI studies had been done of Plaintiff, the only pertinent records provided to Dr. Ogisu

---

[2] In Plaintiff's opening brief, he also assigned error to the ALJ's determination that Plaintiff's spine impairment did not meet one of the listed criteria in 20 C.F.R. Part 404. In Plaintiff's reply brief, however, he concedes that the evidence does not support a finding that his spine impairment met a listed requirement and withdraws that claim of error.

were x-rays of Plaintiff's sacroiliac joints and pelvis from 2012. Dr. Ogisu determined that Plaintiff could sit for four hours per eight-hour day, could stand for two hours per day, and could occasionally lift and carry up to ten pounds and frequently lift and carry up to five pounds and could reach overhead bilaterally only occasionally but could frequently reach all other directions.

The ALJ generally will give more weight to opinions from treating sources, because they have treated the claimant over a period of time and "bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone" or from one-time evaluations performed by consulting physicians. 20 C.F.R. §§ 404.1527(c), 416.927(c)(2). If a treating physician's medical opinion is not inconsistent with other evidence in the record and is supported by medical findings, the treating physician's opinion should be given controlling weight. *See Holohan v. Masasnari*, 246 F.3d 1195, 1202 (9th Cir. 2001). In the hierarchy of medical evidence, the opinion of a treating physician is entitled to greater weight than that of an examining physician, which in turn is entitled to greater weight than that of a non-examining physician. *Garrison, v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

The ALJ serves as "the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008). In that capacity, the ALJ is responsible for making credibility determinations, resolving conflicts in the medical evidence, and resolving ambiguities." *Vazquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If, however, "a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison*, 759 F.3d at 1012 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528

F.3d 1194, 1198 (9th Cir. 2008)). The ALJ can satisfy the substantial evidence requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.*

The ALJ gave little weight to the opinion of consultative medical examiner Dr. Ogisu. During the examination by Dr. Ogisu, the doctor noted that Plaintiff was anxious and "there was some overreaction and effort was decreased occasionally." AR 470. Furthermore, Dr. Ogisu noted that Plaintiff was slow to get on and off the exam table. *Id.* Dr. Ogisu's findings relied heavily on Plaintiff's subjective complaints in part because Dr. Ogisu did not have access to Plaintiff's entire medical record.

Dr. Ogisu's opinion was contradicted by the opinions of Dr. Kehrli and Dr. Brown. Dr. Kehrli, a State agency medical consultant who reviewed Plaintiff's record only nine days after Dr. Ogis's examination of Plaintiff, opined that Plaintiff could occasionally lift, carry, push, and pull twenty pounds; could frequently lift, carry, push, and pull ten pounds; stand or walk six hours in an eight-hour day; and sit more than six hours in an eight hour day. AR 28. By contrast, Dr. Ogisu opined that Plaintiff was only able to sit four hours per day, stand at least two hours per day but not more than four hours, walk at least two but not more than four hours per day. On January 28, 2015, State agency medical consultant Dr. Brown affirmed the opinion of Dr. Kehrli, not Dr. Ogisu. AR 80-82, 94-96.

The ALJ also found that Dr. Ogisu's opinion was inconsistent with the objective medical evidence. In July 2013, February 2014, and October 2015, doctors examining Plaintiff found that his neurological system was negative for weakness and his musculoskeletal system was normal. AR 334, 363, 653. In May 2013, Plaintiff denied weakness and had a normal range of motion in his musculoskeletal system and no abnormalities in his neurological system. AR 314. In October

PAGE 8 – OPINION AND ORDER

2015, Plaintiff reported no back pain and had normal range of motion in his neck. AR 653. Only Dr. Ogisu's opinion found abnormalities in his neurological and musculoskeletal system.

The ALJ provided specific and legitimate reasons for giving little weight to the medical opinion of Dr. Ogisu. Dr. Ogisu's opinion was contradicted by both Dr. Brown and Dr. Kehrli, was inconsistent with the objective medical evidence, and relied heavily on Plaintiff's subjective complaints, which Dr. Ogisu noted were being somewhat amplified.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled prior to January 11, 2016 is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 12th day of February, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge